[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution of marriage action seeks the termination of the parties' seven year marriage, although their relationship extended for a period of more than five years longer than that.
The parties have two children, Elliot Eleazor born November 19, 1991 and Tiesha Coleman born February 8, 1995. There is no dispute that Elliot is the defendant's child. In addition the plaintiff has another child, Marquis Ruffin, with whom the defendant has had a good relationship. Throughout the parties' relationship the defendant has had a substance abuse problem for which he was in rehab on any number of occasions both prior and during the marriage. It is the inability of the defendant to remain drug free which ultimately caused the marriage to end. The plaintiff was involved with another person at the end of the relationship but the court does not believe that this was a substantial causing factor in the breakup of the marriage, rather it was the result of the breakdown in the parties' relationship. The court makes the following additional findings of fact.
This court has jurisdiction; the complaint having been served as indicated by the officer's return. The matter has been pending in this court for more than 90 days and all statutory stays have expired. The allegations of the complaint, including the fact that the marriage has broken down irretrievably, are proved and true. The court will enter a decree of dissolution based upon that irretrievable breakdown.
The plaintiff is a member of the Mashantucket Pequot Nation and has been for nine years. As such, she is entitled to certain royalties from the tribe as well as a substantial salary which she receives from her CT Page 12817 work for the tribe in Human Resources. She has been substantially employed throughout the marriage and has been the primary source of the direct support of the family. The defendant has not contributed money to her during the marriage but has contributed to his own living expenses and miscellaneous items. Although the plaintiff claims he contributed toward the purchase of the marital residence at 7 Arrowhead Drive, Ledyard, Connecticut (which is solely in the name of the plaintiff) the defendant does not find the evidence of this contribution to be persuasive. The plaintiff's earning capacity and royalty income from the tribal nation are claimed to be for this year approximately $200,000.00; in 2000 they were $195,000.00, and they have been substantially higher in prior years.
The defendant is a very capable chef but does not have formal school training. He requests an allowance from the court so that he can get formal culinary training and academic credentials in his field. He believes he then will be able to earn substantially more money. At the time of trial the defendant was unemployed although he hoped to have a job as a chef. He recently left his job at the Norwich Inn and Spa. Even when he was working, he didn't manage to make child support payments to the plaintiff after the parties' separation.
The court considered the evidence adduced at trial both by testimony and documents admitted into evidence. In addition, the court considered the provisions of Connecticut General Statutes §§ 46b-56, 46b-62,46b-81, 46b-82 and 46b-84, as well as the provisions of the Child Support Guidelines. Upon consideration the court enters the following additional orders:
1. Custody and visitation is ordered in accordance with the stipulation of the parties made May 4, 2001, filed on May 12, 2001 and previously approved and ordered by this court.
2. The plaintiff shall own the former marital residence located at 7 Arrowhead Drive, Ledyard, Connecticut free and clear of any claim of the defendant and she shall indemnify and hold harmless the defendant on account of the mortgage and any other encumbrance accruing on said property and as a result of the use or ownership of the property.
3. The defendant is awarded the African Art at the family residence. All other items of personalty located in the family residence shall be and become the sole property of the plaintiff. The defendant is ordered to return to the plaintiff the Mo Vaughn jersey and the Ken Griffey, Jr. baseball and/or bat. He is also ordered to return the three Michael Jackson trading cards to the plaintiff. All items of personal property (other than the trading cards) shall be exchanged on or before October CT Page 12818 15, 2001. The trading cards shall be returned to the plaintiff on or before October 15, 2001 and, if they are not so returned, the defendant shall pay the plaintiff the sum of $5,000.00.
4. Lump sum alimony is awarded to be paid by the plaintiff to the defendant in the amount of $600.00 a week commencing as of September 14, 2001 and ending with the last payment due on March 11, 2004. The payments shall terminate only in the event of the death or remarriage of the defendant. The amount and duration of the payment shall be non-modifiable except in the event the plaintiff's income from all sources drop below $180,000.00 per year. In that event, she shall have the right, prospectively, to seek a reduction in the amount of the payments. In the event she does so, the same total amount of lump sum alimony then remaining shall be paid to the defendant but shall be paid out on an extended payment schedule as determined by the parties by their agreement or by the court after hearing. Except as provided, the alimony shall be non-modifiable. In determining the amount of alimony, the court considered, based upon the defendant's earning capacity, he should pay child support in the amount of $75.00 a week. The court finds as a deviation criteria the children's assets, the desirability of the defendant seeking education and the uncertainty of the defendant's job and accordingly orders that no child support is currently payable until after March 11, 2004, and so long as the defendant has gross income from employment of $50,000.00 per year or less.
5. The minor child Elliot's last name shall be changed to Coleman and the parties shall cooperate in correcting his birth certificate to so indicate.
6. The plaintiff shall file all the necessary papers to provide COBRA medical insurance benefit for the defendant, which shall be maintained at his sole cost and expense for a period of three years provided the same is available pursuant to the terms of the plaintiff's plan.
7. The plaintiff shall be entitled to both children as personal exemptions for income tax purposes.
8. The plaintiff shall pay the defendant's counsel the sum of $3,000.00 as a contribution toward the defendant's counsel's fees; $1,500.00 on or before October 15, 2001 and the balance on or before December 31, 2001.
Orders shall enter in accordance with the foregoing.
McLachlan, J.